RYAN DAVIS OLSEN,

                Plaintiff,

v.                                                     Case No. 22-cv-357-pp

E. DUBOIS,

                Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

Ryan Davis Olson, who is confined at Fox Lake Correctional Institution and who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant, Officer E. Dubois, violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

### I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the incarcerated plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On April 6, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $26.07. Dkt. No. 6. The court received that fee on April 26, 2022. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that in June 2021, defendant Dubois denied him medical attention when he approached her with his "issue." Dkt. No. 1 at 2. The plaintiff says that he approached the defendant's "officer desk" for C and D wing on Unit 9 and explained to her that he was having severe chest pains and a hard time breathing, and that it might be linked to his history with blood clots. Id. The plaintiff alleges that he "immediately got waved off + dismissed for no reason at all." Id. The plaintiff says that the defendant stated, "I don't have time for you, get away from my desk," when she clearly wasn't busy. Id. The plaintiff states that his first thought had been to talk to the defendant because

3

the plaintiff was a "PIOC[1] & suppose[d] to be in the care of the responding officer." Id. at 2. The plaintiff alleges that he returned to his bunk area where he "fell out + then later went to the emergency room," where he was told he had "chest wall pain." Id. The plaintiff states that he was prescribed Tramadol for seven days following the emergency room visit. Id. He states that he is "clueless" as to why the defendant dismissed him and denied him medical attention. Id.

The plaintiff seeks compensatory damages, exemplary or punitive damages of $4,000,000 and costs/fees. Id. at 4.

C.   Analysis

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment[2] when she is deliberately indifferent "to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "To state a claim for deliberate indifference, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious

---

[1] Presumably, PIOC stands for "Persons in our Care." See https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/FoxLakeCorrectionalInstitution.aspx (Institution Fact Sheet and Inmate Handbook) (last visited May 4, 2022).

[2] Because the plaintiff is in Fox Lake Correctional Institution, the court assumes that he is incarcerated as a result of a conviction and reviews his deliberate indifference claim under the Eighth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389, 400 (2015) (Eighth Amendment protects convicted persons, while Fourteenth Amendment protects pretrial detainees).

4

that even a lay person would perceive the need for a doctor's attention.'" Roe v. Elyea, 631 F.3d 843 857 (7th Cir. 2011) (quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. Gayton v. McCoy, 593 F.3d 610, 620 (7th Cir. 2010).

The court finds that the plaintiff has adequately alleged that he had a serious medical need based on his allegations that he was having severe chest pain and difficulty breathing. See Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997); see also Lee v. Young, 533 F.3d 505, 510 (7th Cir. 2008) (an inability to breathe, regardless of any asthma diagnosis, can present a serious and urgent medical need); Orlowski v. Milwaukee Cty., 872 F.3d 417, 423 (7th Cir. 2017) ("Failure to breathe and failure to regain consciousness are undoubtedly life-threatening medical conditions that are obvious to a layperson."); Gayton, 593 F.3d at 623-24 (reversing a grant of summary judgment in favor of defendant nurse who refused to treat inmate who had complained of chest pain, exhibited high blood pressure hours earlier, and vomited); cf. Mata v. Saiz, 427 F.3d 745, 754 (10th Cir. 2005) (severe chest pain, a symptom consistent with a heart attack, is a serious medical condition under the objective prong).

Regarding the subjective factor of an Eighth Amendment medical care claim, a plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016)

(emphasis in original). Indifference may be manifested "by prison doctors in their response to the prisoner's needs or by prisoner guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05 (internal footnotes omitted). Prison officials violate the Eighth Amendment if they deliberately ignore an incarcerated person's serious medical needs. McKee-Bey v. Mitchell, 259 F. App'x 880, 882-83 (7th Cir. 2008) (citations omitted). A prison employee who is not a medical professional generally fulfills her responsibilities as long as she investigates to ensure that the "medical staff was monitoring and addressing the problem." Id. (citing Johnson v. Doughty, 433 F.3d 1001, 1010-12 & 1010 n.9 (7th Cir. 2006)).

The plaintiff also has satisfied the subjective prong of an Eighth Amendment claim because he alleges that the defendant immediately dismissed him when he complained that he was experiencing severe chest pain and difficulty breathing. Non-medical defendants cannot simply ignore an incarcerated person's plight. Arnett v. Webster, 658 F.3d 742, 755–56 (7th Cir. 2011) (citing Greeno, 414 F.3d at 656 (stating that "[p]erhaps it would be a different matter if [the non-medical defendant] had ignored Greeno's complaints entirely, but we can see no deliberate indifference given that he investigated the complaints and referred them to the medical providers who could be expected to address Greeno's concerns."); see also Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010) ("As a nonmedical administrator, [defendant]

6

was entitled to defer to the judgment of jail health professionals so long as he did not ignore [the inmate].").

The plaintiff has stated a claim that the defendant acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant E. Dubois. Under the informal service agreement, the court **ORDERS** defendant E. Dubois to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$323.93** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Warden at Fox Lake Correctional Institution.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[3] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody

---

[3] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 17th day of October, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**